**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**ROBIN L. BARBER and**
**KIM R. BISHOP, individually,**

      **Plaintiffs,**

**vs.**                                   **Case No. 4:05cv374-RH/WCS**

**FIREMAN'S FUND**
**INSURANCE COMPANY,**

      **Defendant.**

_____/


## O R D E R

Plaintiff has filed a motion to determine the sufficiency of objections to Requests for Admission.  Doc. 13.  Doc. 9 is identical.  Defendant has filed a response.  Doc. 15. Plaintiff then filed a memorandum.  Doc. 16.

A housekeeping matter must be addressed first.  The motions were filed on December 1 and 2, 2005, respectively, and the memorandum in support of the motion was filed on December 14, 2005.  All three documents have a certificate of electronic service dated November 30, 2005.  Electronic service occurs when the document is electronically filed.  It happens automatically due to the computer program at this court.

The certificate of service on these motions is apparently incorrect.  These inaccuracies are matters of consequence because the Court must calculate the due date for the opponent's response from the date of service.  FED. R. CIV. P.  6(e) and 5(b)(2)(D) (providing 17 days for the response when the motion is served electronically).

Plaintiffs seek an admission from Defendant that "monetary damages," incurred by both Plaintiffs individually, "were used by Defendant, including by Defendant or by any agent(s) of Defendant, in mediation and/or settlement negotiations with LA PETITE ACADEMY, INC., for the resolution of Case No. 2003-CA-001424, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida . . . ."  Defendant objects that the requests for admission sought facts that are privileged, citing FED. R. EVID. 408 as to admissibility of the evidence at trial, and are confidential by contract.

The settlement in Case No. 2003-CA-001424 was approved by Bankruptcy Judge Killian.  See order dated May 23, 2005, in Bankruptcy Case No. 01-70150TLH in the case of In Re: Color Me Kids, Inc., included as Exhibit B to doc. 1; also attached to doc. 15.   Judge Killian observed that the individual stockholders of Color Me Kids, Inc., who are Plaintiffs in the case at bar (see complaint, doc. 1), were not parties to the settlement.  *Id.*  He also noted that the settlement did not compromise or settle their individual claims against La Petite Academy, Inc.  *Id.*  He said that "[t]he agreement also includes a confidentiality clause that will be effective upon court approval of this Motion for Approval of Compromise and Settlement."  *Id.*

The "confidentiality clause" is not before this court.  It probably states that the written settlement agreement itself is confidential.  It might say that matters communicated during the settlement negotiations are confidential, but that has not been

argued by Defendant.  In any event, if Defendant wishes to enforce a contract, it must

put the contract before the court.  The contract argument made by Defendant is not

persuasive.

 Privilege is a permissible objection to a request for admission.  <u>United States v.</u>

<u>One Tract of Real Property Together With all Bldgs., Improvements, Appurtenances and</u>

<u>Fixtures</u>, 95 F.3d 422, 428 (6th Cir. 1996).  FED. R. EVID. 408 provides in part that

"[e]vidence of conduct or statements made in compromise negotiations is . . . not

admissible to prove liability for or invalidity of the claim or its amount."  Relying upon

Rule 408, the Sixth Circuit has found there to be a *federal p*rivilege for settlement

communications.  <u>Goodyear Tire & Rubber Co. V. Chiles Power Supply, Inc.</u>, 332 F.3d

976 (6th Cir. 2003).  The case was a diversity case, however, and in a diversity case,

state law governs privilege.  Therefore, the <u>Goodyear Tire</u> case will not be followed

here.  *See* <u>Grupo Condumex, S.A. De C.V.</u>, 331 F.Supp.2d 623, 629 n. 3 (N.D. Ohio

2004) (expressing misgivings about this precedent and citing FED. R. CIV. P. 301)

(privilege is determined by state law when state law provides the rule of decision for an

element of a claim or defense).[1]

 State law provides a limited privilege where settlement discussions have taken

place pursuant to court-ordered mediation.  FLA. STAT. § 44.102(3) currently provides

that "[a]ll written communications in a mediation proceeding, other than an executed

settlement agreement, shall be exempt from the requirements of chapter 119."  This

---

 [1] A more persuasive opinion as to whether there should be a *federal* privilege for
settlement discussions is <u>In re Subpoena Issued to Commodity Futures Trading
Comm'n</u>, 370 F.Supp.2d 201, 207-212 (D. DC. 2005) (conducting a comprehensive
survey of the law and deciding not to recognize a federal privilege).  The existence of a
federal privilege is not at issue here.

section formerly provided a privilege for oral communications in court-ordered

mediation, but that privilege was abolished on July 1, 2004.[2]

The limited state privilege has not been shown to apply here.  Plaintiff apparently

seeks the content of oral settlement discussions, not written communications.  Further,

Defendant has not asserted entitlement to this privilege by showing that written

communications are at issue, that the communications were made during court-ordered

mediation, or that the former state privilege for oral communications should apply.[3]

Discovery is, of course, also limited by relevance:

> Parties may obtain discovery regarding any matter, not privileged, that is
> relevant to the claim or defense of any party . . . .  For good cause, the
> court may order discovery of any matter relevant to the subject matter
> involved in the action.  Relevant information need not be admissible at the
> trial if the discovery appears reasonably calculated to lead to the discovery
> of admissible evidence.

FED. R. CIV. P. 26(B)(1).  There is a difference between discovery of evidence and

admissibility of evidence.  *See* Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 and

nn. 6 and 7 (11th Cir. 1999) (implying the difference).  As the court in Laforest v.

Honeywell Intern. Inc., 2004 WL 1498916 (W.D. N.Y.  2004) explained:

---

[2] Laws 2004, ch. 2004-291, effective July 1, 2004, § 1, rewrote § (3). Subsection
(3) formerly read:  "(3) Each party involved in a court-ordered mediation proceeding has
a privilege to refuse to disclose, and to prevent any person present at the proceeding
from disclosing, communications made during such proceeding.  All oral or written
communications in a mediation proceeding, other than an executed settlement
agreement, shall be exempt from the requirements of chapter 119 and shall be
confidential and inadmissible as evidence in any subsequent legal proceeding, unless
all parties agree otherwise."  The amendment, therefore, abolished the privilege as to
oral communications in court-ordered mediation.

[3] *See also* DR Lakes Inc. v. Brandsmart U.S.A. of West Palm Beach, 819 So. 2d
971, 974 (Fla. 4th DCA 2002) ("Once the parties in mediation have signed an
agreement, however, the reasons for confidentiality are not as compelling.").

The third-party defendants' reliance upon Rule 408 is misplaced.  Rule 408 generally bars settlement documents from admission into evidence. As stated above, however, discovery under Rule 26 is not limited only to admissible evidence, but also includes that which may reasonably lead to admissible evidence. *See* FED. R. CIV. PRO. 26; *Bank Brussels I [Bank Brussels Lambert v. Chase Manhattan Bank*], 1996 WL 71507 at *2 [(S.D. N.Y. 1996)]; *Alcan Int'l Ltd. v. S.A. Day Mfg. Co.*, 179 F.R.D. 403, 404 (W.D. N.Y. 1998) (Rule 408 "limits the introduction at trial of evidence regarding settlement negotiations, not the discoverability of the evidence"); *Santrayll v. Burrell*, 1998 WL 24375, *2 (S.D. N.Y. 1998) (Rule 408 "applies only to admissibility of evidence, not to discovery"); *Tribune Co. v. Purcigliotti*, 1996 WL 337277, *1 (S.D. N.Y. 1996) ("Rule 408 neither governs nor precludes the discovery of settlement-related materials"; court directs disclosure of settlement agreement, finding it relevant, reasonably calculated to lead to the discovery of admissible evidence, and not privileged); *Morse/Diesel, Inc. v. Fid., and Deposit Co.*, 122 F.R.D. 447, 449 (S.D. N.Y. 1988) (Rule 408 applies only to the admissibility of evidence relating to settlement negotiations and does not protect such evidence from discovery); *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 301-02 (D. Kan. 2000) ("[e]ven matter related to settlement negotiations, although barred by Fed.R.Evid. 408 to prove liability at trial, may still be discoverable under Rule 26 if the information sought is 'reasonably calculated' to lead to admissible evidence").

2004 WL 1498916, at *6.

However, as explained by the Middle District of Georgia:

While Rule 408 deals only with admissibility at trial and not the scope of discovery, the rule makes it unlikely that information about prior settlements will lead to the discovery of admissible evidence. Rule 26(b)(1).  Other courts have required that one make a "particularized showing" that settlement information is likely to lead to admissible evidence before it can be discovered.  *Morse/Diesel, Inc. v. Trinity Industries, Inc*., 142 F.R.D. 80, 84 (S.D. N.Y. 1992); *Bottaro v. Hatton Assoc.*, 96 F.R.D. 158, 160 (E.D. N.Y. 1982) (better rule is to require some particularized showing of a likelihood that admissible evidence will be generated by the dissemination of settlement terms).

Shipes v. BIC Corp., 154 F.R.D. 301, 309 (M.D. Ga. 1994).  *See also* Centillion Data

Systems, Inc. v. Ameritech Corp., 193 F.R.D. 550, 552 (S.D. Ind. 1999).

A requirement of a "particularized showing" makes sense where a discovery request, on its face, seeks discovery of evidence that is inadmissible.  The request for admission at issue here, on its face, would establish the existence of "statements made in compromise negotiations."  The only apparent use of such discovery is "to prove liability for or invalidity of the claim or its amount."  Rule 408 provides that the answer to the request for admission is inadmissible at trial.  Plaintiff has failed to show that this discovery is "reasonably calculated to lead to the discovery of [other] admissible evidence."

Accordingly, it is **ORDERED** that Plaintiff's motion to determine the sufficiency of objections to Requests for Admission, docs. 9 and 13, is **DENIED**.

**DONE AND ORDERED** on December 19, 2005.

**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**